IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KERRY WHITAKER ) | |
| ) | |
| v. ) | No. 1:12-0009 |
| ) | Judge Nixon/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

To:   The Honorable John T. Nixon, Senior Judge

### REPORT AND RECOMMENDATION

### I. Statement of the Case

On January 19, 2012, plaintiff Kerry Whitaker, proceeding *pro se* and *in forma pauperis*, filed this action against the Social Security Administration ("SSA"), through its Commissioner Michael J. Astrue, and against attorney (and former Davidson County Chancellor) Robert S. Brandt. As grounds for filing in federal court, plaintiff stated in his complaint: "Because of Judge Robert S. Brandt Judicial Impropriety that has found it[s] way into my Social Security case. It's a violation of my Fourteenth Amendment 'Fair and impartial, disinterest[ed] tribunal.'" (Docket Entry No. 1) The complaint further appears to allege that Mr. Brandt presided over plaintiff's workers' compensation lawsuit in the 1990s; that Mr. Brandt engaged in judicial misconduct in the course of that litigation; and that the SSA had Mr. Brandt's "settlement order" before it when it rendered its decision on his claim to disability benefits. Id. at 2

On April 6, 2012, defendant SSA filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that this action was not timely filed. (Docket Entry No. 10) In support of its motion, defendant has submitted documentation of the

administrative proceedings on plaintiff's disability claims, from which it appears that a prior finding on an earlier claim resulted in the denial of disability benefits through February 26, 1999, but that his most recent application resulted in a fully favorable decision, dated June 4, 2010, and an award of benefits due from the filing of the application in October 2005. (Docket Entry No. 12-1 at 5)  Plaintiff administratively appealed that decision, while also requesting that the 1999 decision be reopened; the SSA's Appeals Council issued a notice of denial of his appeal and request for reopening on October 26, 2011.  (Docket Entry No. 12-2)  Included in that notice was advice of plaintiff's right to further appeal the agency determination by filing suit in this court within sixty (60) days of receipt of the notice.  Id. at 3.

It appears from plaintiff's filings that this action is based primarily upon his expectation that the issues of alleged impropriety in the adjudication of his workers' compensation case in 1995 (see Docket Entry No. 7-19 at 1-2, 8-9) and in other matters arising from his prior employment would be considered by the SSA in rendering its decisions on his disability claims.  (Docket Entry Nos. 1, 15, 16)  His complaint includes a prayer for relief in the form of "Back pay full disability from 1995 on up until this end."  (Docket Entry No. 1 at 3)

## II.  Conclusions of Law

The Social Security Act provides the exclusive vehicle for judicial review of final decisions by the SSA on disability benefits claims.  42 U.S.C. § 405(g)-(h); In re Sutton, 652 F.3d 678, 679 (6th Cir. 2011) (citing, e.g., Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000)).  Section 405(g) -- incorporated for purposes of Supplemental

Security Income claims under Title XVI of the Act by 42 U.S.C. § 1383(c)(3) -- provides that such review may be had "by a civil action commenced within sixty days after the mailing to [claimant] of notice of such decision or within such further time as the Commissioner may allow." The final decision of the SSA on plaintiff's most recent benefits application was rendered on October 26, 2011, when the Appeals Council denied plaintiff's request for review of the Administrative Law Judge's decision. (Docket Entry No. 12-2 at 1) The SSA by regulation has interpreted the date of "mailing" described in the statute to mean the date that the claimant receives notice of the Appeals Council's action, and has further directed that the date of receipt of such notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

There has been no showing here of any delay in plaintiff's receipt of the Appeals Council notice, and he is therefore presumed to have received the mailing of such notice on October 31, 2011. Accordingly, he had until December 30, 2011 to file timely his complaint in this court. Plaintiff's complaint was not filed until January 12, 2012, thirteen days outside of the sixty-day limitations period. Thus, the complaint is untimely and subject to dismissal. The Appeals Council notice to plaintiff fully disclosed plaintiff's appellate rights, the applicable limitations period, instructions on how to secure additional time to make the appropriate filing, and additional resources from which plaintiff could obtain answers to any questions he may have had. (Docket Entry No. 12-2) Accordingly, there would not appear to be any call for equitable tolling in this case. See, e.g., Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007). It is therefore concluded that plaintiff's complaint against the SSA should be dismissed.

As to Robert S. Brandt, named as a defendant in plaintiff's complaint but

evidently not served with process, it appears that the alleged wrongdoing attributed to this individual occurred in 1995 and before, some seventeen years ago. The complaint against him could therefore not be said to state a claim on which relief may be granted, and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant's motion to dismiss plaintiff's complaint be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 7th day of May, 2012.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915, governing proceedings *in forma pauperis*, provides at subsection (e)(2) that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted[.]"

4