IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KERRY WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-00009 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Bryant |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Commissioner of Social Security's Motion to

Dismiss Plaintiff's Complaint ("Motion") (Doc. No. 10), filed with a supporting Memorandum

(Doc. No. 11) and a Declaration from Patrick J. Herbst (Doc. No. 12). Plaintiff Kerry Whitaker,

proceeding *pro se* and *in forma pauperis*, filed a Response in Opposition to the Motion. (Doc.

No. 16.) Magistrate Judge Bryant subsequently issued a Report and Recommendation

("Report"), recommending that Defendant's Motion be granted and this case be dismissed.

(Doc. No. 17 at 4.) Plaintiff filed an Objection to the Report. (Doc. No. 20.) Upon review of

the Report, and for the reasons stated below, the Court **ADOPTS** the Report in its entirety and

**GRANTS** Defendant's Motion.

## I.   BACKGROUND

Plaintiff originally applied for disability insurance benefits on July 31, 1996, alleging a

disability onset date of July 28, 1993. (Doc. No. 12-1 at 5.) Administrative Law Judge ("ALJ")

Harry Nichol issued a decision on February 26, 1999, finding Plaintiff not disabled. (*Id.*) On

October 31, 2005, Plaintiff again applied for disability insurance benefits, alleging the same

1

onset date of July 28, 1993. (*Id.*) On June 4, 2010, ALJ Linda Roberts issued a decision finding Plaintiff disabled with an onset date of October 31, 2005, but declined to find disability prior to that date. (*Id.*) On June 17, 2010, Plaintiff appealed ALJ Roberts's decision to the Appeals Council, and in addition requested that the Appeals Council reopen his 1996 case. (Doc. No. 12-2 at 2.)

On October 26, 2011, the Appeals Council issued a Notice informing Plaintiff that it had denied his request for review of ALJ Roberts's decision, and that it also declined to reopen his 1996 case. (*Id.*) The Notice advised Plaintiff of his right to appeal by filing a civil suit in federal court within sixty days of receipt of the Notice. (*Id.* at 3). Further, the Notice advised Plaintiff that if he was unable to file an appeal within sixty days, he may request additional time for doing so from the Appeals Council. (*Id.*)

Plaintiff filed his *pro se* Complaint on January 19, 2012, after the sixty-day deadline had passed (Doc. No. 1), without having first requested additional time to file a federal court complaint from the Appeals Council (*see* Doc. No. 12). On April 6, 2012, Defendant filed the pending Motion (Doc. No. 10), along with a supporting Memorandum (Doc. No. 11), and the Declaration of Patrick J. Herbst (Doc. No. 12). Plaintiff filed a Response in Opposition to the Motion on May 4, 2012. (Doc. No. 16.) On May 7, 2012, Magistrate Judge Bryant issued a Report recommending that Defendant's Motion be granted and this case be dismissed. (Doc. No. 17 at 4.) On May 16, 2012, Plaintiff filed an Objection to the Report. (Doc. No. 20.)

## II.    STANDARD OF REVIEW

The Court's review of the Report on a dispositive motion is *de novo.* 28 U.S.C. § 636(b). The Court is required to make an independent determination in regard to "those portions of the

2

report or specified proposed findings or recommendations to which objection is made." *Id.*
§ 636(b)(1)(C).


III. **PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT**

*A. Plaintiff objects to the Magistrate Judge's recommended finding that the sixty-day statute of limitations should not be equitably tolled.*

In his Objection, Plaintiff asserts that the sixty-day statute of limitations for seeking judicial review of the final decision of the Commissioner should be equitably tolled. (Doc. No. 20 at 1.) Plaintiff appears to argue that he was unable to file his Complaint on time because he suffered a stroke in September of 2011. (*Id.*) Plaintiff states that he had a "learn curve" following his stroke during which time he had to learn to write again. (*Id.* at 3.) Plaintiff has submitted medical records showing that he was admitted to the hospital and discharged on September 20, 2011, and which note that he had difficulty speaking and writing following the stroke. (*Id.* at 2, 4.) As a result, Plaintiff asserts that dismissing his Complaint would allow the Administration to "take advantage" of his stroke. (*Id.* at 3.)

The Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits district courts to review *de novo* the issues that were raised and argued before a magistrate judge. However, the Sixth Circuit has held that the Act, "absent compelling reasons, . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted); *see also Marshall v. Carter*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived."). The Ninth Circuit has opined that allowing parties to litigate their case before the magistrate and, if unsuccessful, to

3

present new theories and evidence to the district court "would frustrate the [Magistrate Judge Act's] purpose" of increasing judicial efficiency. *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Thus, the Court must determine whether there are "compelling reasons" to excuse Plaintiff's failure to previously argue that his stroke should serve as grounds for equitably tolling the sixty-day statute of limitations.

As noted, the Plaintiff failed to either mention his stroke in the Complaint (Doc. No. 1), or to ask the Appeals Council for an extension of time to file a complaint in federal court. (Doc. No. 12 ¶ 3(b).) Even after Defendant moved to dismiss the case based on the untimeliness of the Complaint, Plaintiff again failed to mention his stroke in his ninety-three page Response. (Doc. No. 16.) In that Response, Plaintiff presented other lengthy and detailed arguments against Defendant's Motion, thus demonstrating his ability to litigate his case despite his stroke. (*See id.*)

In his Objection, Plaintiff offers no reason for failing to request additional time from the Appeals Council to file his Complaint. (*See* Doc. No. 20.) He also fails to explain why he did not mention the stroke in his Response to Defendant's Motion. (*See id.*) Thus, the Court finds that Plaintiff's stroke does not constitute a "compelling reason" sufficient to allow the Court to review an argument not previously raised before the Magistrate Judge. *Murr*, 200 F.3d at 902 n.1. Therefore, Plaintiff's argument for equitable tolling of the statute of limitations is deemed waived.

The Court now turns to Magistrate Judge Bryant's Report. Judge Bryant recommended dismissing Plaintiff's case due to the fact that Plaintiff filed his Complaint after the sixty-day statute of limitations period had passed, and found no cause for equitable tolling of the deadline.

4

(Doc. No. 17 at 3.) Indeed, Plaintiff filed his Complaint on January 19, 2012 (Doc. No. 1), whereas the limitations period expired on December 31, 2011[1]. (*See* Doc. No. 12-2.) It is clear, then, that the Court lacks subject-matter jurisdiction over this case. Therefore, the Court **ADOPTS** the Report in its entirety and **GRANTS** Defendant's Motion.

## IV.    CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Report in its entirety and **GRANTS** Defendant's Motion to Dismiss. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the _____ 2nd _____ day of August, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] According to the Notice, the sixty-day period within which a claimant is permitted to appeal a ruling begins to run the day after the Notice is received. (Doc. No. 12-2 at 3.) The Notice states that the Appeals Council assumes the Notice is received within five days after the date it is issued, unless the claimant can demonstrate otherwise. (*Id.*) In Plaintiff's case, the Notice was issued on October 26, 2011. Plaintiff is therefore assumed to have received the Notice by October 31, 2011. Therefore, at the latest, the sixty-day period would have begun on November 1, 2011, meaning that Plaintiff would have had to file a complaint in federal court on or before December 31, 2011. Nothing in the record indicates that Plaintiff made any showing that the Notice was received after October 31, 2011. Therefore, according to the above calculations, Plaintiff's Complaint was filed at least nineteen days past the expiration of the statute of limitations period.